declare that he would not take a particular lot or tract of land at the price designated. And the discretion this act of congress gave the secretary of the treasury has, as a matter of fact, been exercised already in the proceedings relative to the other block, and he has refused to take the property at the price fixed.

It is urged that this block has been obtained by purchase, and that the secretary of the treasury has stated to the owners of the land that the United States is willing to give a particular price. That may be, but by the terms of the law it is necessary that the United States should have complete title to the land, and the proceedings show that there are many incumbrances upon the land which confer rights which the owners have no authority in any way to interfere with. Parties have rights under contract with the owners of the block which even this act of congress could not affect, and therefore, conceding that the government has agreed to give for this block a particular price, still proceedings for condemnation were necessary in order to foreclose the rights of all the parties. If they had agreed to the price which the government was willing to give them, there would be no necessity for the proceedings by condemnation. But they have not manifested that willingness, and even now, after the commissioners have fixed upon the price for each interest, they are not content. How much can they possibly get out of the government? That is the question in all these cases.

Then it was indispensable, we think, in order that there should be a perfect title to the United States, that proceedings for condemnation should be initiated and should go on. Where so many interests are comprehended under the law, we do not see how it was possible to obtain title without proceedings for condemnation.

Some objection was taken to the form of the proceedings, on account of the technical phraseology of the act of congress: "That the secretary of the treasury be, and he hereby is, authorized to purchase at private sale, or by condemnation, in pursuance of the statute of Illinois," a particular tract of land. Now the secretary of the treasury is the mere officer of the government, and when proceedings are instituted by him under this law, they become necessarily, from the very nature of the case, proceedings on the part of the United States, and the United States are the petitioners; and although the petition is filed by the district attorney, it is filed in the name of the United States, and for their benefit, and therefore it is within not only the spirit but the letter of the act of congress. The owners resist the right of the United States to have this land at the price which the government is willing to pay them for it. That is the controversy this court is called upon to determine, and we state in conclusion, that the principles which have

several times been decided by the supreme court of the United States, are re-affirmed in a very recent case: Railway Co. v. Whitton, 13 Wall. [80 U. S.] 270. So that if it be conceded that the United States has the right of eminent domain to condemn land for public use, then, if there were nothing but the statutes of the state in force, there would seem to be not much question as to the jurisdiction of the court; but in connection with the act of congress, there can be no room for doubt. The motion to dismiss will, therefore, be overruled.

---

## Case No. 14,611.

### UNITED STATES v. BLODGETT.

[35 Ga. 336.]

[See Append. Fed. Cas.]

---

## Case No. 14,612.

### UNITED STATES v. BLOOMGART.

[2 Ben. 356;[1] 7 Int. Rev. Rec. 148.]

District Court, S. D. New York.   April, 1868.

CRIMINAL PROCEDURE — EXAMINATION BEFORE A UNITED STATES COMMISSIONER — CONFESSIONS — OFFICER OF THE UNITED STATES.

1. On an examination, before a United States commissioner, of a person charged with crime, his confession of the crime, without any proof of the corpus delicti, is sufficient to warrant his being held for trial.

[Cited in U. S. v. Brawner, 7 Fed. 87.]

2. A clerk, appointed by the direction and with the approbation of the secretary of the treasury, for the fractional currency counter of the treasury department, at Louisville, is an officer of the United States, within the meaning of the constitution of the United States, and of the statutes of the United States in regard to officers charged with the safe keeping of the public money.

BLATCHFORD, District Judge. This case comes before the court on a writ of habeas corpus, and a writ of certiorari, the habeas corpus being issued to the marshal of this district, directing him to bring up the prisoner, and the certiorari being issued to John A. Osborn, a commissioner of the circuit court of the United States for this district, to bring before the court the proceedings before him under which the prisoner was committed. It appears that, on the 23d of March, 1868, a warrant was issued by Mr. Osborn, as such commissioner, to the marshal of this district, against Joseph Bloomgart, reciting that complaint on oath had been made, charging Bloomgart with having, on the 7th of December, 1867, in the district of Kentucky, knowingly, willfully, and feloniously taken and converted to his own use, and embezzled, the sum of $12,275, the property of the United States, he being then an officer of the United States, and intrusted with the depositing and safe keeping of the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]